Christopher R. Houk, State Bar No. 20843
**HOUK LAW FIRM, PLLC**
1050 East Southern Avenue, Suite A-3
Tempe, AZ 85282
Telephone: 480.569.2377
Facsimile:  480.569.2379
chouk@houklawfirm.com

*Attorneys for Plaintiff*

Please send all documents to:
jmontanez@houklawfirm.com

**IN THE UNITED STATES DISTRICT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sir Lawrence Davis, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Wag! Labs, Inc., a Delaware corporation; David Cane, an individual; JD Kemper, spouse, John and Jane Does 1-5, Black Entities 1-5,<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Sir Lawrence Davis submits this Complaint for relief against the Defendants and Jury Trial Demand pursuant to Federal Rules of Civil Procedure, Rules 3, 7(a)1, 8(a), and 38(a, b). Within minutes after applying to Wag! Labs, Inc., Defendants denied Sir Lawrence's application in retaliation for Davis filing a discrimination claim, violating Davis's rights under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.

**Plaintiff's Claims**

1. 42 U.S.C. § 1981 – Retaliation for Reporting Discrimination Based Upon Race.

2. 42 U.S.C. § 2000(e)-3(a) – Title VII – Retaliation for Reporting Discrimination Based Upon Race.

### Jurisdiction and Venue

3. Plaintiff seeks relief for Counts I and II which both arise from federal statutes. The Court, therefore, has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), (4).

4. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5(f)(1), (3) and pursuant to 42 U.S.C. §§ 1981, 1988.

5. Based upon the foregoing, the United States District Court for the District of Arizona, Phoenix Division, is the proper venue pursuant to 28 U.S.C. §§ 1391(c), 1348.

6. Plaintiff has satisfied all conditions precedent to filing suit.

### The Parties

7. Sir Lawrence Davis is, and at all relevant times has been,
   a. an adult resident of Maricopa County;
   b. applied for a job with Wag! Labs, Inc.; and
   c. is a person whose race is African American.

8. Defendant Wag! Labs, Inc. is, and at all relevant times has been, located in the State of Arizona and has continuously had at least fifteen (15) employees.

9. At all relevant times, Wag! Labs, Inc. has been an employer as defined by 42 U.S.C. § 2000e(b).

10. Defendant David Cane is and has been, at all relevant times to this Complaint,
    a. an adult resident of Maricopa County, Arizona;

     b. an "employer" as that term is defined in 29 C.F.R. § 825.104;

     c. upon information and belief, lawfully married to Defendant JD Kemper, who is named only for community property purposes, acting on behalf of their marital community,

     d. an agent of Wag! Labs, Inc. (Wag); and

     e. a former supervisor of Sir Lawrence Davis at Sir Lawrence's previous place of employment against which Sir Lawrence filed an EEOC charge for discrimination based upon race.

11. John and Jane Does 1-5 and Black Entities 1-5 are business entities, persons, agents, servants, or employees whose true names are not known to Sir Lawrence at this time, but, upon information and belief, wrongfully contributed to the damages sustained by Sir Lawrence. When the true identities of the above persons, agents, servants, employees, or business entities become known to Sir Lawrence, he will amend his Complaint to reflect the true names, together with appropriate allegations.

12. All events alleged occurred in Maricopa County, Arizona, and Maricopa County is the domicile of all parties.

13. All conditions precedent to filing a lawsuit under Title VII have been met. See 42 U.S.C. § 2000e-5.

14. There are no conditions precedent to filing a lawsuit under 42 U.S.C. § 1981.

**Factual Background**

15. Sir Lawrence repeats and re-alleges each allegation of this complaint as if fully set forth in this claim.

16. Prior to applying to work at Defendant Wag, Sir Lawrence worked for Uber Technologies, Inc. (Uber), starting in August 2018 as a Center of Excellence (COE) Specialist. His job duties at Uber included helping drivers resolve disputes.

17. Defendant David Cane worked for Uber as a Program Lead from August 2018 to December 2019.

18. Cane currently works for Wag as Vice President of Trust & Safety/Customer Success.

**Sir Lawrence Complained About Cane's Discrimination.**

19. Starting in around Spring 2019, while Cane was in a supervisory role over Sir Lawrence, Uber began discriminating against Sir Lawrence based on Sir Lawrence's race and gender. Sir Lawrence complained about this discriminatory treatment. The discrimination and retaliation, that Sir Lawrence complained of included the following:

   a. Uber denied Sir Lawrence a promotion, even though he was more qualified than the white, female individual who received the promotion. Specifically, in May 2019, Sir Lawrence submitted an application for a promotion at Uber for a Claims Associate position.

   b. Uber did not hire Sir Lawrence for the position, and instead elevated Sir Lawrence's white female coworker—who had four years' less work experience than Sir Lawrence and had a bachelor's degree compared to Sir Lawrence's master's degree. Uber provided Sir Lawrence with inconsistent, contradictory, and misleading information about the hiring process and the reason for not hiring him.

    c.    The same month, Sir Lawrence filed a series of internal complaints with Uber alleging race and sex discrimination and retaliation for complaining about race and sex discrimination. His complaints included that Uber subjected him to sex and race discrimination by hiring the white female coworker over him.

    d.    In late May 2019, Cane issued a final written warning to Sir Lawrence, despite the fact that Sir Lawrence had no disciplinary history.

20.    Uber then placed Sir Lawrence on a series of development plans, claiming that Sir Lawrence did not spend enough hours spent on certain projects, ignoring that (1) several of Sir Lawrence's supervisors repeatedly approved his hours on these projects, failing to inform him that his hours should have been focused elsewhere and (2) Uber informed him that he was, in fact, meeting his hours.

21.    On about July 3, 2019, Uber interviewed Cane about Sir Lawrence's discrimination complaints. During the interview, Cane admitted Sir Lawrence told him that Sir Lawrence would file a discrimination complaint with the EEOC based on the final written warning that Cane issued against him.

22.    On July 30, 2019, Sir Lawrence filed a Charge of Discrimination with the EEOC against Uber, alleging that the final written warning that Cane issued was retaliatory because of Sir Lawrence's complaints of race and sex discrimination.

23.    On the same day Sir Lawrence filed the EEOC charge, Sir Lawrence also filed an internal complaint of discrimination with Uber implicating Cane for his involvement in the discrimination Sir Lawrence suffered.

24. On October 16, 2019, Uber responded to the allegations that Cane retaliated against him. Uber terminated Sir Lawrence on December 3, 2019, one day after Sir Lawrence complained of retaliation about Cane.

25. At Wag, Defendant David Cane Retaliated Against Sir Lawrence for the Complaints Sir Lawrence Filed at Uber.

26. On February 11, 2020 at 4:00 PM, Sir Lawrence submitted an online job application for the position of Senior Policy Manager at Wag.

27. The position called for three to five years of experience in compliance. Sir Lawrence had over two years of experience in insurance and over six years in compliance-related fields, including six years as a Compliance Manager.

28. Nineteen minutes later, at 4:19 PM, Sir Lawrence received an email directly from Cane advising Sir Lawrence that his application had been reviewed, and that Sir Lawrence was not moving forward in the application process.

29. On or about February 12, 2020, Sir Lawrence emailed Human Resources Representative Rowena Lee at Wag to complain that Wag was retaliating against him for his complaints of discrimination against Uber. Sir Lawrence explained Cane's involvement in the discrimination at Uber and Cane's quick rejection for Sir Lawrence's application at Wag.

30. HR responded and stated that they would conduct an investigation.

31. Wag conducted an internal investigation into Sir Lawrence's claims and one week later on February 20, found no evidence of discrimination or retaliation.

32. Sir Lawrence had the experience, background, and qualifications necessary for the position.

33. Wag never asked Sir Lawrence for an interview about his claims, nor did Wag request any documents from Sir Lawrence about his complaint. Further, Wag never provided the results of the investigation to Sir Lawrence.

34. In its Position Statement to the EEOC, Wag attributed the 19-minute turnaround rejection of Sir Lawrence's application as standard interviewing procedure.

35. On or about March 10, 2020, Sir Lawrence filed a Charge of Discrimination with the EEOC, which was eventually transferred to the Arizona Attorney General's Office.

36. Sir Lawrence received a Right to Sue letter from the EEOC on or about April 11, 2021.

37. Wag asserted in its Position Statement that Defendant Cane had no knowledge of Sir Lawrence's claims against Uber. However, Cane admitted in Uber's investigation interview that Sir Lawrence told him he planned to file an EEOC complaint against Cane and Uber when Uber issued a final written warning against Sir Lawrence.

38. David Cane hired Chris Gibson for the position of Senior Policy Manager at Wag on or around March 2020. Chris Gibson is one of Sir Lawrence's former managers at Uber, and is involved in Sir Lawrence's case against Uber.

**Count I**
**42 U.S.C. § 1981**
**Retaliation for Reporting Discrimination Based Upon Race**
**(against all Defendants)**

39. Sir Lawrence repeats and re-alleges each allegation of this complaint as if fully set forth in this claim.

40. Defendants failed to hire Sir Lawrence because (1) he had previously filed a Charge of Discrimination with the EEOC against his former employer who used to employ Sir Lawrence's former supervisor David Cane, and (2) because Sir Lawrence had previously filed an internal complaint of discrimination against David Cane at his former employer.

41. Filing an EEOC Charge of Discrimination and an internal complaint of discrimination constitutes protected activity under 42 U.S.C. § 2000(e)-3(a).

42. In failing to hire Sir Lawrence, Defendants violated 42 U.S.C. § 1981 by retaliating against Sir Lawrence because he reported discrimination based upon race.

43. Defendants' decision to deny Sir Lawrence the job was causally related to Sir Lawrence's previous filing of an EEOC Charge of Discrimination and his previous filing of an internal complaint of discrimination against Cane.

44. The unlawful employment practices complained of were intentional.

45. The unlawful employment practices complained of were done with malice or with reckless indifference to Sir Lawrence's federally protected rights.

46. Compensatory and general damages should be awarded to Sir Lawrence. As a direct and proximate result of the acts or omissions of the Defendants, Sir Lawrence has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial.

47. Sir Lawrence is entitled to lost wages, including back pay.

48. Sir Lawrence should be instated, or in lieu of instatement, front pay;

49. Punitive damages should be awarded to Sir Lawrence and assessed against Defendants to punish Defendants for their acts or omissions and to deter them and others from engaging in such conduct in the future.

50. Sir Lawrence is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule of Civil Procedure 54(d)(2), and Local Rule of Civil Procedure 54.2, as well as costs pursuant to 42 U.S.C. § 2000e-5(k), Federal Rule of Civil Procedure 54(d)(1), Local Rule of Civil Procedure 54.1, and 28 U.S.C. § 1920.

## Count II
## Title VII, 42 U.S.C. § 2000(e)-3(a)
## Retaliation for Reporting Discrimination Based Upon Race
## (against Wag Labs, Inc. only)

49. Sir Lawrence repeats and re-alleges each allegation of this complaint as if fully set forth in this claim.

50. Wag Labs, Inc. failed to hire Sir Lawrence because (1) he had previously filed a Charge of Discrimination with the EEOC against his former employer, and (2) because he had previously filed an internal complaint of discrimination against David Cane.

51. Filing an EEOC Charge of Discrimination and an internal complaint of discrimination constitutes protected activity under 42 U.S.C. § 2000(e)-3(a).

52. In failing to hire Sir Lawrence, Wag Labs, Inc. violated Title VII by retaliating against Sir Lawrence because he reported discrimination based upon race.

53. Wag's decision to deny Sir Lawrence the job was causally related to Sir Lawrence's previous filing of an EEOC Charge of Discrimination and his previous filing of an internal complaint of discrimination against David Cane.

54. The unlawful employment practices complained of were intentional.

55. The unlawful employment practices complained of were done with malice or with reckless indifference to Sir Lawrence's federally protected rights.

56. Compensatory and general damages should be awarded to Sir Lawrence. As a direct and proximate result of the acts or omissions of the Defendant, Sir Lawrence has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial.

57. Punitive damages should be awarded to Sir Lawrence and assessed against Wag Labs, Inc. to punish Wag Labs, Inc. for their acts or omissions and to deter them and others from engaging in such conduct in the future.

58. Sir Lawrence is entitled to lost wages, including back pay.

59. Sir Lawrence should be instated, or in lieu of instatement, front pay.

60. Sir Lawrence is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule of Civil Procedure 54(d)(2), and Local Rule of Civil Procedure 54.2, as well as costs pursuant to 42 U.S.C. § 2000e-5(k), Federal Rule of Civil Procedure 54(d)(1), Local Rule of Civil Procedure 54.1, and 28 U.S.C. § 1920.

WHEREFORE, Sir Lawrence prays for the following relief:

1. For a declaration that Wag Labs, Inc. violated his rights under Title VII and § 1981;

2. For a declaration that David Cane violated Sir Lawrence's rights under 42 U.S.C. § 1981;

3. All relief available under the statutes asserted in this case;

4. For injunctive relief, including a permanent injunction prohibiting Wag from engaging in discrimination under Title VII and 42 U.S.C. § 1981;

5. For lost wages;

6. For equitable relief such as instatement or in lieu of instatement, front pay;

7. For compensation for past and future non-pecuniary losses (including medical expenses) resulting from the unlawful practices under Title VII and § 1981;

8. For interest on the above amounts at the highest legal rate from the date of Judgment until paid in full;

9. For reasonable attorneys' fees;

10. Taxable costs.

11. All other relief the court shall deem is just.

## Jury Trial Demand

Sir Lawrence requests a jury trial on all questions of fact raised by this Complaint pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**DATED** this 23rd day of June 2021.

        **HOUK LAW FIRM, PLLC**

        By:  /s/ Christopher R. Houk
             Christopher R. Houk.
             *Attorneys for Plaintiff*